GOULD, Circuit Judge,
dissenting:
I join Judge O’Scannlain’s dissent. I emphasize my concern with the improvident practical results that the majority decision will likely engender. The “extra element” argument is impractical for an “implied” claim like this. Although an express contract claim can proceed under state law, courts should be cautious about implying a contract claim in circumstances where the claim functionally looks like a copyright claim. See Daboub v. Gibbons, 42 F.3d 285, 290 (5th Cir.1995) (“[I]f the language of the act could be so easily circumvented [by presenting a copyright action as a state law claim], the preemption provision would be useless, and the policies behind a uniform Copyright statute would be silenced.”). There is no virtue in permitting a supplemental state law jurisdiction that in substance expands federal copyright law.
Under such a legal regime, film production and network companies face the chaotic prospect of having to meet conflicting federal and state standards on essentially the same question, a result the Copyright Act aimed to avoid. Studio and network ventures need stable law that does not unsettle expectations. The majority’s decision, however, will lead to uncertainty by making state law — with its ambiguity, variability, and volatility — available to litigants who bring nebulous state law claims that in substance assert rights in the nature of copyright. Hence, I respectfully dissent.